IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANSIR ALI,             ) | |
|             ) | |
|     Petitioner,      ) | |
|             ) | |
| v.                 ) | Case No. CIV-26-655-PRW |
|             ) | |
| WARDEN OF CIMARRON    ) | |
| CORRECTIONAL FACILITY, et al.,  ) | |
|             ) | |
|     Respondents.[1]     ) | |

## REPORT AND RECOMMENDATION

Petitioner Ansir Ali, a noncitizen proceeding pro se,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Patrick R. Wyrick referred the case to the undersigned Magistrate Judge for

---

[1]  Respondent Warden Chris Gantt is not a federal official, and the response is not filed on his behalf. *See* Doc. 9, at 1 n.1. On April 16, 2026, counsel for Respondent Robert Cerna, Acting Field Office Director of Enforcement and Removal Operations, Dallas Field Office, Immigration and Customs Enforcement (ICE), entered an appearance. *See* Doc. 8, at 1.

[2]  This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). Because Petitioner is proceeding pro se, the Court liberally construes his arguments. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

[3]  Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. The Government responded, Doc. 9, and the time for Petitioner to reply has lapsed. *See* Doc. 7. So the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition and order Respondent to immediately release Petitioner.

## I.     Factual background and Petitioner's claim.

Petitioner is a citizen of Pakistan. Doc. 9, at 1. He entered the United States on January 29, 2022, and was paroled for one year under § 212(d)(5) of the Immigration and Nationality Act (INA). *Id.* (citing Ex. 2).[4] On January 31, 2023,[5] the Department of Homeland Security (DHS) placed him into removal proceedings by issuing an Notice to Appear (NTA) and charging him as

---

[4]     This section is codified in the United States Code as 8 U.S.C. § 1182(d)(5). Section 1182(d)(5) grants the Secretary of Homeland Security "discretion" to "parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any [noncitizen] applying for admission to the United States."

[5]     Respondent states that Petitioner was placed into removal proceedings on February 2, 2023, but the Notice to Appear (NTA) issued to Petitioner is dated January 31, 2023. *See* Doc. 9, Ex. 3, at 2.

removable under §§ 212(a)(7)(A)(i)(I) and (a)(6)(A)(i) of the INA.[6] *Id.* (citing Ex. 3). DHS issued the NTA after an asylum officer found Petitioner had demonstrated a credible fear of persecution or torture. Doc. 9, Ex. 3, at 2. DHS released him, and Petitioner maintains that on November 11, 2025, ICE took him into custody. Doc. 1, at 7. Petitioner maintains (and Respondent does not contest) that he has no criminal history. Doc. 2, at 1. Petitioner sought a bond hearing, which the Immigration Judge (IJ) denied on December 10, 2025, citing a lack of jurisdiction. Doc. 9, at 2 (citing Ex. 1).

On December 15, 2025, Petitioner filed a 28 U.S.C. § 2241 habeas petition in this Court. *Ali v. Bondi,* No. 25-1513-PRW, Doc. 1 (Dec. 15, 2025). There, Petitioner, proceeding with counsel, sought relief under the INA, maintaining that he was improperly classified as an applicant seeking admission under 8 U.S.C. § 1225(b)(2), and that his detention violated his due process rights. *Id.* at 19-20. The Court denied Petitioner habeas relief, finding

---

[6]     Section 1182(a)(7)(A)(i)(I) provides that any noncitizen, who at the time of application for admission, was not in possession of (1) a valid unexpired entry document as required by the INA, and (2) a valid travel document/document of identity and nationality as required by regulations is inadmissible. 8 U.S.C. § 1182(a)(7)(A)(i). Section 1182(a)(6)(A)(i) provides that a noncitizen who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General is ineligible to be admitted to the United States. *Id.* § 1182(a)(6)(A)(i).

that he was properly detained under § 1225(b)(2),[7] and that any *Zadvydas*[8] claim was premature. *Ali,* No. 25-1513-PRW, Doc. 17, at 2.

In the Petition before the Court, Petitioner maintains that his continued detention violates his Fifth Amendment substantive and procedural due process rights; that Respondent violated the INA because the Immigration Court has not provided either a bond hearing or notice of his removal proceedings; and that Respondent's violation of ICE's regulations violates the Administrative Procedure Act. Doc. 1, at 7-8. He seeks his immediate release "or an alternative like asylum," or release on bond. *Id.* at 8.

## II.   Standard of review.

---

[7]    The undersigned notes that the Court is not in unison over whether § 1225(b) applies to noncitizens like Petitioner who have entered and resided in the country for some time prior to being detained. *See Gutierrez Sosa v. Holt,* No. CIV-25-1257-PRW, 2026 WL 36344, at *4 (W.D. Okla. Jan. 6, 2026) ("And once deemed an 'applicant for admission,' an alien is necessarily 'seeking admission.'"); *Alvarado Montoya v. Holt,* No. CIV-25-01231-JD, 2025 WL 3733302, at *9 (W.D. Okla. Dec. 26, 2025) ("[A]ll 'applicants for admission' are 'seeking admission.'"); *but see Rawal v. Figueroa,* No. CIV-26-354-J, 2026 WL 1232291, at *1 (W.D. Okla. May 5, 2026) ("This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation." (citing *Coreas v. Noem,* No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases))); *see e.g., Lopez v. Corecivic Cimarron Corr. Facility,* No. 25-1175-SLP, 2026 WL 165490 at *5 (W.D. Okla. Jan. 21, 2026) (collecting cases in this judicial district concluding that § 1225(b)(2) does not govern the petitioner's detention).

[8]    *Zadvydas v. Davis,* 533 U.S. 678 (2001).

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

## III.   Discussion.

### A.   Petitioner's unsuccessful claims.

The undersigned agrees with Respondent that Petitioner can succeed neither on a substantive due process claim, nor on his Administrative Procedure Act claim. *See* Doc. 9, at 2-3, 5-6. His *Zadvydas* claim is premature as his removal proceedings are pending, with the next scheduled hearing set for June 12, 2026.[9]

---

[9]   The undersigned takes judicial notice of the Immigration Court's filings in Petitioner's case, available at Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited June 1, 2026). *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (quoting *United States v. Ahidley*, 486 F.3d 1204, 1192 n.5 (10th Cir. 2007)).

And this Court cannot grant relief under the APA in a habeas action. The APA provides a cause of action only where there is no other adequate remedy in court. *See* 5 U.S.C. § 704. Challenges to the fact or duration of immigration detention are cognizable in habeas and "must be brought in habeas." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). The relief Petitioner seeks, his release from custody, is attainable through habeas corpus. So, the APA does not supply an independent cause of action. He also argues he has not received notice of his removal proceedings (Ground Three), which is not a basis for relief.

**B.    Petitioner has the right to procedural due process.**

Petitioner also claims that his ongoing detention since November 2025 "without adequate court proceedings" violates his rights under the Due Process Clause of the Fifth Amendment. Doc. 1, at 8-9. To the extent that Respondent substantively addresses Petitioner's procedural due process claim, Respondent asserts that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) of the INA and therefore categorically ineligible for a bond hearing. Doc. 9, at 3-4. And that Petitioner cannot show his detention results from an intent to punish in violation of the Fifth Amendment's Due Process Clause. *Id.* at 7.

Section 1225(b)(2) mandates detention for noncitizens who are "applicant[s] for admission, [where] the examining immigration officer determines that [the noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). And under § 1225(b)(1)(A) "[i]f an immigration officer determines that an alien . . . who is arriving in the United States . . . is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title, the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution." *Id.* § 1225(b)(1)(A)(i). An individual detained as inadmissible upon inspection at the border can only be paroled into the United States "'for urgent humanitarian reasons or significant public benefit.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting 8 U.S.C. § 1182(d)(5)(A)).

Respondent concedes that Petitioner was granted parole into the country, s*ee* Doc. 9, Ex. 2, but notes that his parole expired on January 29, 2023. *Id.* It is unclear whether Petitioner was released on humanitarian parole or for significant public benefit, but "it is illogical to suggest that his re-detention is governed by § 1225(b)(1), which . . . governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled." *See Rafibaev v. Noem*, 2026 WL 607559, at *2 (D. Colo. Mar. 4,

7

2026). And, likewise, § 1225(b)(2) cannot apply to Petitioner as "a noncitizen paroled into the country." *Qasemi v. Francis,* 2025 WL 3654098, at *7 (S.D.N.Y. Dec. 17, 2025).

### 1.    Section 1226 governs Petitioner's detention.

Section 1226 governs "the usual removal process." *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *2 (N.D. Cal. Sept. 12, 2025) (internal quotations omitted) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020)). The § 1226 process starts when the Government files an NTA with an immigration court. *Id.* at *1. Section 1226 then lets the Government arrest and detain noncitizens or release them on bond or on conditional parole. Release is required if the noncitizen can show they are not a danger and will show up at future hearings. *Id.* If detention continues, the noncitizen gets a bond hearing before an IJ. *Id.* To be released, noncitizens must show by a preponderance of the evidence that they are not a security threat, community danger, or flight risk. *Id.*

The initial decision to pursue Petitioner's detention "under § 1226(a) precludes the Government from later 'switch[ing] tracks' to subject him to mandatory detention under § 1225(b)(2)." *Gutierrez v. Chesnut*, 2025 WL 3514495, at *5 (E.D. Cal. Dec. 8, 2025) (citing *Salcecdo Aceros*, 2025 WL

8

2637503, at *8). The rule is simple: "Sections 1226(a) and 1225(b) cannot be applied simultaneously." *Salcecdo Aceros,* 2025 WL 2637503, at *8.

The Court concludes that § 1226(a) governs Petitioner's detention.[10]

### 2.    Petitioner is entitled to relief under § 1226(a).

When Petitioner was detained after residing in the country for over two years, he was not subject to mandatory detention under § 1225(b)(2)(A). Respondent released Petitioner under Section 1226. Petitioner is entitled to retain the legal protections under Section 1226(a) that Respondent cannot erase by simply "switching tracks." *Salcedo Aceros*, 2025 WL 2637503, at *8; *Briceno Solano v. Mason*, 2026 WL 311624, at *14 (S.D.W. Va. Feb. 4, 2026). To release Petitioner, DHS had to determine that Petitioner's release "would not pose a danger to property or persons," and that he was "likely to appear for

---

[10]    Petitioner's request to seek asylum request does not change this outcome. This Court has "declined to find" that either refusing to voluntarily depart or seeking asylum "'constitutes 'seeking admission' for purposes of this subsection.'" *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (quoting *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026)); *see also Hernandez Alvarez v. Warden, Fed. Det. Ctr*, --- F.4th ----, 2026 WL 1243395, at *21 (11th Cir. May 6, 2026) ("This argument fails at the gate. Section 1225(b)(2)(A) makes it clear that an applicant for admission's status as one 'seeking admission' becomes relevant upon examination by an immigration officer, which occurs *before* a § 1229a proceeding even commences." (quoting 8 U.SC § 1225(b)(2)(A)).

any future proceeding." 8 C.F.R. § 1236.1(c)(8). And Respondent identifies no change in circumstances that required revocation of Petitioner's conditional release. So he must be released. *See Cunha v. Freden,* 175 F.4th 61, 70 (2d Cir. 2026) (concluding the petitioner's detention was "governed by Section 1226(a), not Section 1225(b)(2)(A)," and explaining that its holding "allows noncitizens . . . who are already present in the United States and are determined not to be a flight risk or danger to the community to be released on bond under Section 1226(a) while their removal proceedings are pending").

### C. Procedural due process analysis.

"The Fifth Amendment's Due Process Clause forbids the Government to deprive any person of liberty without due process of law. Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas,* 533 U.S. at 690 (internal quotation marks and alterations omitted); *cf. J.G.G.*, 604 U.S. at 673 ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (internal quotation marks omitted)).

"The [INA] establishes procedures for removing [and detaining noncitizens] living unlawfully in the United States." *Johnson v. Guzman Chavez,* 594 U.S. 523, 527 (2021); *see Johnson v. Arteaga-Martinez,* 596 U.S.

10

573, 578 (2022) ("The INA establishes procedures for the Government to use when removing certain noncitizens from the United States and, in some cases, detaining them."). The Government does not develop a fulsome argument in response to Petitioner's procedural due process claim and instead encourages the Court to rest its decision on the statutory interpretation question. *See* Doc. 9, at 3-4.

This Court analyzes Petitioner's procedural due process claim to determine whether he has a protected liberty interest, and what process is necessary to ensure any deprivation of that liberty interest aligns with the Due Process Clause of the Fifth Amendment. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). In examining the necessary process, the Court turns to the three factors set forth in *Mathews v. Eldridge*: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976).

"When the [G]overnment grants [a noncitizen] parole into the country, it creates a liberty interest intimately tied to freedom from imprisonment."

11

*Sanchez v. LaRose*, 2025 WL 2770629, at \*3 (S.D. Cal. Sept. 26, 2025); *see also Iza v. Arnott*, 2026 WL 67152, at \*3 (W.D. Mo. Jan. 8, 2026) ("Individuals released on parole or other forms of conditional release have a liberty interest in their 'continued liberty.'" (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972))); *Sahil v. De Anda-Ybarra*, 2026 WL 560216, at \*3 (D.N.M. Feb. 27, 2026) (finding "that noncitizens acquire a liberty interest once released from immigration detention"). Petitioner's interest in physical freedom "is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 (stating that an individual's interest in being free from detention "lies at the heart of the liberty that [the Due Process] Clause protects"). Respondent deprived Petitioner of his protected status when ICE arrested him and placed him in custody.

Turning to the *Mathews* factors, the Court finds that Petitioner has a significant private interest in remaining free from detention after spending nearly three years here. By initially releasing Petitioner on parole under § 1226(a), the Government necessarily determined that he was "neither a security risk nor a risk of absconding," 8 C.F.R. § 212.5(b), and there is no evidence that there was a change in this assessment. By permitting Petitioner to remain at liberty for nearly three years, the Government enabled Petitioner to develop a protected liberty interest in remaining out of custody. To be sure,

12

"Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 522 (2003). But that power remains "subject to important constitutional limitations." *Zadvydas*, 533 U.S. at 695. And it does not erase Petitioner's significant interest in remaining free from detention.

Respondent does not suggest Petitioner violated any laws while in the United States. During his release, Petitioner's interest in release grew even stronger as he presumably "form[ed] the other enduring attachments of normal life." *Morrissey*, 408 U.S. at 482. The first *Mathews* factor favors Petitioner.

Second, the Court considers "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 335. The risk of an erroneous deprivation of Petitioner's liberty interest is considerable where he was arrested without any notice of the reason and no hearing.

"Constitutionally inadequate notice also often leads to constitutionally inadequate opportunity to be heard, because opportunity to be heard must be meaningful to be constitutionally sufficient." *Saqib v. Andrews*, 2026 WL 350830, at *6 (E.D. Cal. Feb. 9, 2026). Petitioner received no procedural safeguards to determine whether his detention is justified, and thus Respondent detained him without any stated cause. This factor weighs in

13

Petitioner's favor. *See, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025) ("That the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.").

Finally, the Court considers the Government's interest, including any fiscal or administrative burdens. *Mathews*, 424 U.S. at 335. "While this Court recognizes that the [G]overnment has an interest in enforcing immigration laws," the Government's interest in arresting Petitioner without a determination whether he posed a risk of flight or danger is low. *Saqib*, 2026 WL 350830, at *6; *see, e.g.*, *Diaz v. Kaiser*, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) ("[T[he Court concludes that the [G]overnment's interest in re-detaining Petitioner . . . is 'low,' particularly in light of the fact that Petitioner[] has long complied with his reporting requirements."). And the Court can discern no significant administrative or fiscal burden associated with placing the burden on the Government to follow its own laws and regulations. *See, e.g.*, *Iza,* 2026 WL 67152, at *3 ("An alien's opportunity to be heard regarding the revocation of his parole is only meaningful if the [G]overnment comports with its own internal standards regarding parole revocation."). Especially given that Petitioner's detention was not deemed necessary for two-plus years.

### D. Remedy.

Habeas is "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "The typical remedy for such detention is, of course, release." *Id.*; *see also Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."). Federal district courts have broad equitable powers to craft habeas relief. *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992). District courts have the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243*; see also United States v. Allen*, 139 F.3d 913 (10th Cir. 1998) ("If the imprisonment cannot be shown to conform with the fundamental requirements of law, the individual is entitled to his immediate release." (quoting *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990))).

The undersigned recommends that Petitioner's continuing due process violation requires his immediate release subject to the same conditions of his earlier release.[11]

---

[11]    *See Ewere v. Cerna,* No. CIV-26-320-SLP, 2026 WL 1207088, at *1-2 (W.D. Okla. May 4, 2026) (ordering Petitioner's "immediate release" for due process violation and denial of a bond hearing); *Singh v. Noem*, 2026 WL 766228, at *10 (D.N.M. Mar. 18, 2026) ("Petitioner's . . . release is required to remedy the ongoing due process violation caused by Petitioner being detained while his conditional parole has not yet been terminated."); *Velasquez Montillo v. Brooksby*, 2026 WL 592355, at *10 (D. Utah Mar. 3, 2026) (concluding immediate release was the appropriate remedy where "there has been no notice of a change in circumstances requiring modification of the November 2021 [order of release on recognizance]"); *Vielma Uzcategui v. Brooksby*, 2026 WL

## IV.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant** Petitioner's habeas petition and **order his immediate release.**[12] **The undersigned also recommends that the Court order the Government to certify compliance by filing a status report within ten business days of the Court's order**, and to promptly provide a copy of this order to Counsel for the Warden of the Cimarron Correctional Facility. Finally, the Court should order that Respondent cannot re-detain Petitioner without notice and a pre-deprivation hearing before a neutral decision-maker where the Government

---

622751, at *13 (D. Utah Mar. 5, 2026) (same as to petitioner ordered released on her own recognizance in September 2023); *Murzi v. Noem*, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) (ordering petitioner's immediate release where petitioner had previously been released on parole).

[12]    Should the Court determine a bond hearing is the appropriate remedy, the undersigned recommends that, given Petitioner's prolonged detention under the incorrect statute, the Court should find that it is more appropriate for the Government to bear the burden of proof in this context. *See, e.g.*, *Garcia Cortes v. Noem*, 2025 WL 2652880, at *5 (D. Colo. Sept. 16, 2025) (citing *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024)). "Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Under these circumstances, the Government ought to bear the burden of proving that Petitioner poses a danger to the community or a risk of flight such that he should remain in detention. The clear and convincing standard that generally "applies to civil detention where liberty is at stake" is appropriate here as well. *See L.G.*, 744 F. Supp. 3d at 1186 (first citing *United States v. Salerno*, 481 U.S. 739, 751 (1987), and then citing *Addington v. Texas*, 441 U.S. 418, 433 (1979)).

bears the burden of proving, by clear and convincing evidence that Petitioner is a flight risk and a danger to the community.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by June 4, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[13] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

---

[13]    Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to three days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

**ENTERED** 1st day of June, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE