**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANSIR ALI,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Cimarron Correctional Facility, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-655-PRW |

**ORDER**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1). This case is one of many habeas petitions filed by an alien detainee challenging the legal basis for his detention. Respondents contend that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), which mandates detention. On June 1, 2026, Magistrate Judge Suzanne Mitchell issued a Report and Recommendation (Dkt. 11) recommending that the Court grant Petitioner's request for habeas relief and order his release. Judge Mitchell issued the Report and Recommendation before the Tenth Circuit limited § 1225(b)(2)A)'s reach to aliens detained at the border,[1] and the Report and Recommendation recommends that the Court grant the Petition because "Petitioner's continuing due process violation requires his immediate release."[2] The Report and Recommendation also concludes that 8 U.S.C. § 1226(a) governs Petitioner's detention.[3]

---

[1] *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1250–51 (10th Cir. 2026).

[2] R. & R. (Dkt. 11), at 15.

[3] *Id.* at 9.

Respondents object to Judge Mitchell's determination that § 1226(a) controls Petitioner's detention.[4] Because the Petition alleges—and Respondents do not dispute—that ICE arrested Petitioner within the interior United States, *Quiroz* mandates that he is detained pursuant to § 1226(a).

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation **IN PART** (Dkt. 11) with respect to its determination that Petitioner is detained under 8 U.S.C. § 1226(a) and **GRANTS** the Petition **IN PART** (Dkt. 1).

The Court **ORDERS** the United States to provide Petitioner with an individualized bond hearing under § 1226(a) within seven days of this Order or otherwise release Petitioner if he has not received a bond hearing within that period.[5] The Court reserves a ruling on Petitioner's remaining claims pending resolution of the bond hearing. The Court **ORDERS** the United States to file a status report within ten days of this Order.

**IT IS SO ORDERED** this 9th day of November 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[4] *See* 28 U.S.C. § 636(b)(1) (requiring a district judge to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" but otherwise permitting a district judge to review the report and recommendations under any standard it deems appropriate).

[5] If Respondents contend that this case is factually distinct from *Quiroz* such that *Quiroz* does not control, or if there has been a material change in Petitioner's status (for example, if Petitioner has agreed to voluntarily depart) they may file a motion for reconsideration within seven days of this Order.